<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

August 4, 2021

Nader Saadeh
Register No. 67612-050
FCI McKean
P.O. Box 8000
Bradford, PA 16701
*Pro se Defendant*

Dean Sovolos, Esq.
Office of the United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
*Counsel for Plaintiff*

<u>**LETTER OPINION FILED WITH THE CLERK OF THE COURT**</u>

    **Re:**    *United States v. Nader Saadeh*
            **Criminal Action No. 15-618-01 (SDW)**

Litigants:

    Before this Court is *pro se* Defendant Nader Saadeh's ("Defendant") Motion for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). (D.E. 23.) This Court having considered the parties' submissions, and for the reasons discussed below, denies Defendant's motion.

<u>**DISCUSSION**</u>

A.

    Although a district court generally has limited authority to modify a federally-imposed sentence once it commences, *see United States v. Epstein*, Crim. No. 14-287, 2020 WL 1808616, at *2 (D.N.J. Apr. 9, 2020); *Dillon v. United States*, 560 U.S. 817, 825 (2010), the recently-enacted First Step Act ("FSA"), 18 U.S.C. § 3582(c)(1)(A)(i), permits district courts to grant compassionate release where there exist "extraordinary and compelling reasons" to reduce a sentence. The statute provides, in relevant part, that:

> (A) [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c). As such, under the FSA, "a defendant seeking a reduction in his term of imprisonment bears the burden of establishing both that he has satisfied (1) the procedural prerequisites for judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release." *Epstein*, 2020 WL 1808616, at *2. First, "a defendant seeking a reduced sentence must ask the [Bureau of Prisons ("BOP")] to do so on his or her behalf," and either "wait thirty days for the BOP to respond" or "exhaust all available administrative appeals after receiving an adverse decision." *United States v. McDonald*, Crim. No. 09-556, 2020 WL 3638280, at *3 (D.N.J. July 2, 2020) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)). Then, a court may reduce an inmate's sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) "if the court finds that (1) extraordinary and compelling reasons warrant a reduction, (2) the reduction would be consistent with applicable policy statements issued by the Sentencing Commission,[1] and (3) the applicable sentencing factors under § 3553(a) warrant a reduction." *United States v. Sparrow*, Crim. No. 18-653, 2020 WL 4364328, at *2 (D.N.J. July 30, 2020) (citation omitted).

B.

On December 10, 2015, Defendant pled guilty to conspiracy to provide material support and resources to a designated foreign terrorist organization, in violation of 18 U.S.C. §§ 2339B(a)(1) and 2339B(d). (*See* D.E. 12, 14.) On April 30, 2018, this Court sentenced Defendant to 120 months of imprisonment and supervised release for a term of life, with special conditions. (D.E. 22.) Defendant is currently serving his sentence at Federal Correctional Institution, McKean ("FCI McKean") in Pennsylvania. (*See* D.E. 23 at 6; D.E. 25 at 2.)

Defendant filed an administrative relief request seeking compassionate release with the warden at FCI McKean on March 15, 2021. (*See* D.E. 23-1.) The warden denied that request on April 2, 2021, stating that Defendant did not meet the age requirement and Defendant's "concern about being potentially exposed to, or possibly contracting, COVID-19 d[id] not [] warrant an early release." (*See id.*) On April 16, 2021, Defendant moved this Court for compassionate release

---

[1] The Sentencing Commission's relevant policy statement identifies medical conditions that meet the "extraordinary and compelling" requirement as those where the defendant is (i) suffering from a terminal illness, or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(A).

under the FSA. (D.E. 23.) The Office of the Federal Public Defender for the District of New Jersey reviewed Defendant's *pro se* motion and opted not to file an appearance. The Government opposed Defendant's motion on June 16, 2021. (D.E. 25.) As more than 30 days have passed since Defendant filed his administrative request, his motion is ripe for review.

C.

Defendant is twenty-six years old and contends that the potential for complications from his previous COVID-19 diagnosis and the possibility of reinfection establish compelling and extraordinary reasons justifying his release. (*See* D.E. 23 at 6; 23-1 at 2.)[2] Although this Court is sympathetic to Defendant's concerns for his health, for the reasons discussed below, these concerns do not amount to "compelling and extraordinary reasons" that justify early release. *See Epstein*, 2020 WL 1808616, at *2.

First, Defendant has already been infected with and recovered from COVID-19 without suffering severe illness. (*See* D.E. 23 at 6; D.E. 25 at 2, 15.)[3] Courts in this district have roundly denied compassionate release to inmates who contracted and recovered from COVID-19 without serious illness. *See, e.g.*, *United States v. Reed*, Crim. No. 13-787-03, 2021 WL 631921, at *2–3 (D.N.J. Feb. 18, 2021) (denying motion for compassionate release where defendant "ha[d] already been infected with and recovered from COVID-19 without suffering severe illness"); *United States v. Bell*, Crim. No. 15-603, 2021 WL 303009, at *2–3 (D.N.J. Jan. 29, 2021) (holding that defendant's fear of reinfection "d[id] not constitute extraordinary and compelling reasons warranting a grant of compassionate release"); *United States v. Warner*, Crim. No. 13-782, 2021 WL 71588, at *3–4 (D.N.J. Jan. 8, 2021) (denying compassionate release where defendant did not show symptoms while infected with COVID-19 even though defendant's medical conditions could have otherwise presented an "extraordinary and compelling" reason).

Second, Defendant is fully vaccinated against COVID-19 as of about June 1, 2021. (D.E. 25 at 2.) Thus, there is an "extremely small" likelihood that he "will contract COVID-19 and become seriously ill." *United States v. Pabon*, Crim. No. 17-312, 2021 WL 603269, at *4 (S.D.N.Y. Feb. 16, 2021); *see United States v. Doostdar*, Crim. No. 18-255, 2021 WL 429965, at *3 (D.D.C. Feb. 8, 2021) (denying compassionate release because defendant's "probability of becoming ill from COVID-19 [was] significantly diminished by the fact that he [] received the

---

[2] Defendant also cites other bases for relief, such as "adverse childhood experiences," his age at the time of the offense, his experience in a Jordanian prison while awaiting extradition, and the cost associated with his continued incarceration. (*See* D.E. 23 at 3–9.) While these circumstances are unfortunate, they are insufficient to justify compassionate release, particularly in view of the sentencing factors discussed below.

[3] Defendant's medical records indicate that he has elevated blood pressure, but his condition is controlled with medication. (*See* D.E. 25 at 2–3, 9.) Per the Centers for Disease Control and Prevention (CDC), adults with high blood pressure (hypertension) can "possibly" be "more likely to get severely ill from COVID-19." *See* CDC, *People with Certain Medical Conditions* (last updated May 13, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. Although Defendant may be at an increased risk of severe illness from COVID-19, courts in this district have routinely denied compassionate release to inmates with similar or more serious medical conditions. *See, e.g.*, *United States v. Alexander*, Crim. No. 19-32, 2020 WL 2507778, at *4 (D.N.J. May 15, 2020) (denying compassionate release where defendant suffered from hypertension and obesity but medical records showed that the BOP was "adequately managing [his] medical care"); *United States v. Falci*, Crim. No. 17-228, 2020 WL 3410914, at *4 (D.N.J. June 22, 2020) (denying motion for compassionate release where defendant suffered from obesity, hypertension, and other health issues).

COVID-19 vaccine"); *United States v. Roper*, Crim. No. 16-335, 2021 WL 963583, at *4 (E.D. Pa. Mar. 15, 2021) ("The risk posed to an inoculated [defendant] is not an extraordinary and compelling reason for his release.")  Furthermore, FCI McKean has only one confirmed active case of COVID-19 as of August 3, 2021, and the BOP continues to administer COVID-19 vaccines to its staff and inmates.  (*See* D.E. 25 at 4–5); Federal Bureau of Prisons, *COVID-19 Update* (last updated August 3, 2021), *www.bop.gov/coronavirus/*.  Thus, although Defendant's concerns regarding possible reinfection are understandable, his vaccination status and FCI McKean's low case number should mitigate these concerns.

Even if Defendant were unvaccinated and he presented health conditions that constituted extraordinary and compelling reasons for release, this Court would still deny his motion because the applicable sentencing factors under 18 U.S.C. § 3553(a) weigh against his release.  *See United States v. Horvath*, Crim. No. 15-400, 2020 WL 7074379, at *1, *3–4 (D.N.J. Dec. 3, 2020) (concluding that, while defendant's hypertension and other health issues constituted an "extraordinary and compelling" reason for release, the sentencing factors weighed against compassionate release).  Defendant has served approximately seventy months of his 120-month sentence. (D.E. 25 at 2.)  If this Court releases Defendant now, he will have served approximately three-fifths of his prescribed sentence for conspiring to provide material support and resources to ISIS, a designated foreign terrorist organization.  (*See id.*)  Defendant purchased a plane ticket and travelled to Jordan under the pretext of visiting family, intending to continue onward to Syria to fight for ISIS and possibly carry out an attack in the United States.  (*See id.* at 18.)  A reduced sentence here would not "reflect the seriousness of the offense," "promote respect for the law," or "provide just punishment for the offense."  18 U.S.C. § 3553(a)(2)(A).  It would also create an "unwarranted sentence disparit[y] among defendants with similar records who have been found guilty of similar conduct."  18 U.S.C. § 3553(a)(6); *see Kimbrough v. United States*, 552 U.S. 85, 107 (2007) (noting that "uniformity remains an important goal of sentencing").  This Court will therefore deny Defendant's motion.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Compassionate Release is **DENIED**. An appropriate order follows.

                                                          /s/ Susan D. Wigenton  
                                             **SUSAN D. WIGENTON, U.S.D.J.**

Orig:    Clerk  
cc:       Parties